**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD BASS, SR., <br> Plaintiff, <br><br> v. <br><br> STATE OF NEW JERSEY, *et al.*, <br> Defendants. | Civil Action No.: 14-5006 (JLL) <br><br> **OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant Eric Kirschner's ("Kirschner") Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 70), as well as Defendants State of New Jersey, Department of Children and Families, Division of Child Protection and Permanency, Laura Davis, Anndria Calwell, and Lashonda Drake's (collectively the "State Defendants") Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 71). Plaintiff Ronald Bass, Sr. has opposed Kirschner's Motion (ECF No. 73 and 76), to which Kirschner has replied to (ECF No. 74). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Kirschner's and the State Defendants' Motions to Dismiss with prejudice.

## I.     BACKGROUND

### A. Facts[1]

Plaintiff, *pro se*, brings the within action against the State Defendants as well as several of their respective employees, agents, and/or independent experts in their official and individual capacities. (*See* ECF No. 64 ("Amend. Compl.")). Plaintiff seeks compensatory and punitive damages in connection with the Defendants' involvement in terminating his parental rights. *See generally* Amend. Compl. The Complaint is difficult to decipher. However, it seems to seek compensatory damages for alleged violations of "the [Americans with Disabilities Act] of 1990 and the Rehabilitation Act of 1973, as amended 29 U.S.C. § 794, for parents with disabilities; and defendants are accountable under the Federal Hoax Crime Act and the Stockholm Syndrome under the American (*sic*) with Disability (*sic*) Act." *Id.* at 2.

At birth, Plaintiff's son tested positive for various illegal drugs. *See N.J. Div. of Child Prot. V. R.B.*, 2014 N.J. Super. Unpub. LEXIS 400, *1 (N.J. Super. Ct. App. Div. Feb. 28, 2014), *certif. denied*, 218 N.J. 273 (N.J. 2014)(ECF No. 39-1).[2] Accordingly, on or about February 9, 2010, the State Defendants filed a protective services action in the Superior Court of New Jersey, Essex County. *See* Amend. Compl. The action was partly due to the child's mother's substance abuse and partly due to the fact that Plaintiff refused to acknowledge paternity. *Id.; see also R.B., supra* at *4-*5. On or about February 8, 2016 the State Defendants terminated Plaintiff's parental rights. Amend. Compl. Kirschner, a clinical psychologist, assisted in the State Defendants'

---

[1] This background is derived from Plaintiff's Amended Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).
[2] "[O]n a motion to dismiss, ... [the Court may] take judicial notice of another court's opinion – not for the truth of the facts reciter therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *S. Cross Overseas Agencies, Inc v. Wah Kwong Shipping Grp., ltd.*, 181 F.3d 410, 426 (3d Cir. 1999).

2

determination that Plaintiff's parental rights should be terminated. *Id.* at 7. Kirschner testified on behalf of the State Defendants in favor of the child. *Id.*

Plaintiff also makes allegations that the State Defendants required Plaintiff to undergo urine testing, "keep housing and employment, which was unsounded in material facts, because of today economy and some medical conditions don't make a person an unfit person, as well as the emotional and psychological abuse I went through with the State of New Jersey, et al., and the impact it had on me in finishing my 'Diabetic Show Patent' as a source of income for self-employment." *Id.* at 9-10 (*copied verbatim from Plaintiff's Complaint*). The complaint also utilizes the term "civil rights," but does not include any specific allegations regarding same. *Id.* at 1, 3, 4, and 7.

### B. Procedural Posture

Prior to the institution of this action, Plaintiff appealed the termination of parental rights to the Superior Court New Jersey, Appellate Division. *See R.B., supra.* On February 28, 2014, the Appellate Division affirmed the termination of Plaintiff's parental rights. *Id.* New Jersey's Supreme Court denied certification. *Id.* Subsequently, Plaintiff brought this action on August 8, 2014. (ECF No. 1). Thereafter, Plaintiff filed an amended complaint to correct various errors contained the original complaint. (ECF No. 2). On June 9, 2015, Plaintiff's complaint was dismissed for lack of subject matter jurisdiction because the Court concluded Plaintiff did not state any claim arising under federal law and that the complaint was barred by the *Rooker-Feldman* doctrine. (ECF No. 45).

Plaintiff appealed this Court's June 9, 2015 ruling to the Third Circuit on June 12, 2015. (ECF No. 46). On May 13, 2016, the Third Circuit issued an opinion affirming in part and vacating

in part the June 12, 2015 Order. (ECF No. 55); *see also Bass v. New Jersey*, 2016 U.S. App. LEXIS 8849 (3d Cir. 2016). According to the Third Circuit, any claims by Plaintiff pertaining to the loss of his parental rights were indeed barred by the *Rooker-Feldman* doctrine. *Bass, supra* at 5-6. However, the Court vacated, in part, the June 9, 2015 Order with regards to any potential claims Plaintiff raises regarding "[D]efendants' alleged misconduct preceding and allegedly resulting in the state-court judgment." *Id.* at 6. (citations omitted).

## II.  LEGAL STANDARD

### A. Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1)

Under Rule 12 (b)(1) of the Federal Rules of Civil Procedure, a Defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The Plaintiff, as the party asserting jurisdiction, bears the burden to establish the federal court's authority to hear the matter. *Packard v. Providential Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). However, depending on the nature of the attack under Fed. R. Civ. P. 12 (b)(1), which may either assert a factual or facial challenge to the court's jurisdiction, a presumption of truthfulness may attach to the plaintiff's allegations. *See Taliaferro v. Darby Twp. Zoning Bd.*, 458 F. 3d 181, 188 (3d Cir. 2006); *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Turicentro, S.A. v. American Airlines, Inc.*, 303 F. 3d 293, 300 n. 4 (3d Cir. 2002). When a defendant facially attacks the Court's jurisdiction under Rule 12 (b)(1), this type of challenge effectively contests the adequacy of the language used in the pleading; the trial court must therefore construe the pleadings in a light most favorable to the plaintiff and presume all well-pleaded factual allegations in the complaint as true. *Turicentro*, 303 F. 3d 293, 300 n. 4; *Gould*, 2201 F.3d at 176. Alternatively,

4

when bringing a factual attack, the defendant contends that the facts on which the plaintiff's allegations rely are not true as a matter of fact. *Id.* Therefore, the plaintiff's allegations do not benefit from a presumption of truthfulness; the court, instead, must weigh the evidence in its discretion by taking into account affidavits, documents, and even limited evidentiary hearings. *Id.*

### B. Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6)

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the court must take three steps: first, the court must take note of the elements a plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v.*

*Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

### III. ANALYSIS

#### A. Kirschner's Motion to Dismiss

Defendant Kirschner moves to dismiss the Amended Complaint pursuant to the Litigation Privilege. (*See* ECF No. 70-1 ("Kirschner Mov. Br.") at 5). The State of New Jersey's absolute litigation privilege applies to communications "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participant authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Hawkins v. Harris*, 141 N.J. 207, 661 A.2d 284, 289 (N.J. 1995). The first prong of the test broadly is interpreted by New Jersey Courts. *See DeVivo v. Ascher*, 228 N.J. Super. 453, 458 (N.J. Super. Ct. App. Div. 1988)(stating the New Jersey Court's "favor broad interpretation of the phrase 'in the course of judicial proceeding.'"). This privilege extends beyond in-court proceedings so parties may engage in discovery and investigation, and witnesses are not prohibited from coming forward, as well as to facilitate settlement negotiations. *See Williams v. Kenney,* 379 N.J. Super. 118, 132 (N.J. Super. Ct. App. Div. 2005). The privilege extends to court-appointed psychologists in child custody matters. *See P.T. v.Richard Hall Cmty. Mental Health Ctr.*, 364 N.J. Super. 561, 582-84 (N.J. Super. Ct. App. Div. 2002).

Here, Kirschner was retained by the State Defendants' to assist in the guardianship proceedings. Specifically, Kirschner was tasked by the State Defendants with investigating, reporting, and testifying regarding parental rights. Plaintiff acknowledges this face in his Complaint. *See* Amend. Compl. at 6 ("Defendant Eric Kirschner's (*sic*) predicted that I have a psychology (*sic*) propensity towards committing violent crimes and *was unsafe to parent my*

son")(emphasis added); *Id.* at 10 ("*Defendant Eric Kirschner's opinion and testimony for the State of New Jersey, (sic) was purely speculative and theoretical assumption and predictions (sic) that's (sic) why I am narcissistic and can't understand the needs and medical conditions of my son...*")(emphasis added). Kirschner's opinions and testimony were made during the course of judicial proceedings. His report and testimony was authorized by law as he was retained by the State Defendants. Moreover, the report and testimony was designed to achieve the objective of the litigation; specifically, to advise whether Plaintiff was psychologically fit to maintain his parental rights. Finally, based on the State Defendants' retention of Kirschner's services, it is he was logically connected to the state-court proceedings. Accordingly, any cause of action by Plaintiff against Kirschner relating to his expert report and testimony associated with the termination of Plaintiff's parental rights cannot stand. Plaintiff's Amended Complaint makes allegations against Kirschner strictly in his capacity as an expert in the state-court proceedings and therefore must be dismissed with prejudice pursuant to the litigation privilege.

Moreover, any claim as to Defendant Kirschner is barred by the doctrine of *res judiciata*. When a court of competent jurisdiction enters a final judgment on the merits of a particular cause of action, the parties to the action are bound by every matter which was offered and considered in reaching the judgment, as well as every other matter which could have been offered. *Cramer v. General e. & Electronics Corp.*, 582 F.2d 259, 266 (3d Cir. 1978) (citing *Cromwell v. County of Sac*, 94 U.S. 351, 352 (1876)). Application of the claim preclusive aspect of the res judicata doctrine requires a showing that there has been: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action. *United States v. Athlone Industries, Inc.*, 746 F.2d 977, 983 (3d Cir. 1984).

In this matter, the Third Circuit has determined that the dismissal of Plaintiff's earlier complaint was proper, to the extent is sought relief from the termination of his parental rights. Accordingly, a final judgment was entered by this Court and affirmed by the Third Circuit. The parties remain the same and the subsequent complaint seems to assert the same cause of action as it pertains to Kirschner. *See* Amend. Compl. at 6 ("Defendant Eric Kirschner's (*sic*) predicted that I have a psychology (*sic*) propensity towards committing violent crimes and *was unsafe to parent my son*")(emphasis added); *Id.* at 10 ("*Defendant Eric Kirschner's opinion and testimony for the State of New Jersey*, (*sic*) was purely speculative and theoretical assumption and predictions (*sic*) that's (*sic*) why I am narcissistic and can't understand the needs and medical conditions of my son...")(emphasis added). Hence, Plaintiff is precluded from seeking any damages stemming from the alleged wrong termination of his parental rights from Kirschner, or any other defendant, pursuant to the doctrine of *res judicata*.

Therefore, Plaintiff's Complaint against Kirschner is hereby dismissed with prejudice pursuant to the litigation privilege and the doctrine of *res judicata*.

### B. State Defendants' Motion to Dismiss

The State Defendants' move to dismiss Plaintiff's complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). First, the Court notes, consist with the Third Circuit's decision in this matter, that any and all claims in Plaintiff's complaint relating to the termination of his parental rights are barred pursuant to the *Rooker-Feldman* doctrine. *See Bass*, *supra* at *5-*6 ("We agree that Bass's amended complaint is barred in large part by the *Rooker-Feldman* doctrine. ... All of the [*Rooker-Feldman*] requirements are satisfied to the extent that Bass

complains of the loss of his parental rights and his ability to seek benefits for his son."). Under the *Rooker-Feldman* doctrine, federal district courts are barred from hearing cases "that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Put another way, a suit is barred under the *Rooker–Feldman* doctrine where "a favorable decision in federal court would require negating or reversing the state-court decision." *Id.* at 170 n.4 (citations omitted).

In order for the *Rooker-Feldman* doctrine to apply, four requirements must be met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim" and they are "closely related." *Id.* at 166, 168.

Here, all four prongs are met. First, Plaintiff did not prevail in the prior state-court termination of parental rights action. Next, Plaintiff complains of injuries allegedly caused by said action. Furthermore, the state-court judgment was rendered prior to the institution of this action. Finally, in so far as Plaintiff seeks remedies in connection of the termination of his parental rights, he asks this Court to review and disturb the state-court judgment. Thus, any and all portions of Plaintiff's Complaint related to the termination of his parental rights are hereby dismissed with prejudice, pursuant to the *Rooker-Feldman* doctrine.

Plaintiff's Title II, Section 504 and New Jersey State Law claims are barred by each of their respective statute of limitations. Both the Title II and Section 504 claims are governed by New Jersey personal injury statute of limitations. *Disabled in Action v. SEPTA*, 539 F.3d 199, 208 (3d Cir. 2008)(stating that the statute of limitations for Title II and Section 504 claims are governed by the personal injury statute of limitations of the state where the trial court sits). New Jersey's personal injury statute of limitations is two years. *See* N.J.S.A. § 2A:14-2(a). Accordingly, Plaintiff's claims are subject to a two-year statute of limitations.

Here, the latest date Plaintiff's claims could have accrued was on February 8, 2012; the date his parental rights were terminated. Accordingly, Plaintiff had two years, or until February 8, 2014, to file a Complaint. However, Plaintiff did not file his original Complaint until August 8, 2014. *See* ECF No. 1. Accordingly, Plaintiff's Complaint, in so far as it alleges Title II, Section 504 and/or state-law claims, is barred by the relevant statute of limitations and is hereby dismissed with prejudice.

## CONCLUSION

For the aforementioned reasons, Kirschner and the State Defendants' Motions to Dismiss Plaintiff's Amended Complaint are hereby granted. Based on the State Defendants' brief being filed under seal, and the potentially sensitive nature of the information contained herein, this Opinion shall be filed under seal. Plaintiff or any Defendant shall file a Motion to Seal this Opinion within 14 days. Failure to timely do so will result in the unsealing of this Opinion.

DATED: November 17, 2016

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE